*237 McGee Brown, J.,
concurring.
{¶ 20} I concur in the judgment but write separately to express concern about how the legal system has handled C.B.’s case. In 1997, Congress passed the Adoption and Safe Families Act (“ASFA”), Pub.L. No. 105-89, 111 Stat. 2115. A key aim of this act is to prevent children from languishing in the foster-care system. Ohio’s codification of the ASFA provides that any child who is in temporary custody for 12 out of 22 months (with limited exceptions) shall have a prompt permanency determination. R.C. 2151.413(D)(1) and 2151.414(A)(1) and (A)(2). Yet five years after C.B. became a dependent child, she does not have permanency, the adults responsible for her continue to argue over legal issues, and she is slowly losing her ability to have a stable childhood with a permanent family.
{¶ 21} A parent’s right to his or her children generally trumps the rights of all others, but not when there is clear and convincing evidence of abuse or neglect. In re K.H., 119 Ohio St.3d 538, 2008-Ohio-4825, 895 N.E.2d 809, at ¶ 40-42. In the event that a court removes a child from a parent because of abuse or neglect, the parent faces court orders to remedy the conditions causing the child’s removal. If a parent fails within 12 months to remedy these problems or to make substantial progress toward their remediation, the child is entitled to a permanency determination. R.C. 2151.413(D)(1) and 2151.414(A)(1), (A)(2), and (E)(1). It is paramount that juvenile courts stick to these time frames for the best interest of the child.
{¶ 22} In this case, the legal system has done harm to this child. No child should spend five years in foster care. It is unconscionable.
{¶ 23} We are required to remand this case for determinations consistent with our decision. In so doing, I urge the courts to comply with the rules requiring the speedy resolution of abuse and neglect cases and to expeditiously move C.B.’s case to finality. App.R. 11.2(C) and (D).
{¶ 24} When children must be removed from their parents, juvenile courts are required to resolve their cases within statutory time frames. We do no work that is more important than protecting children and giving them a right to a childhood free from abuse and neglect with a permanent family. In the best of circumstances, the birth family will be the permanent family, but when it cannot be, we owe it to these children to give them their best opportunity to be adopted into a loving, safe family. Unfortunately, the ability to be adopted diminishes as a child ages in the foster-care system. For this reason, Congress and Ohio enacted the provisions of the ASFA, and our courts must resolve these cases as quickly as possible.
O’Connor, C.J., and Lundberg Stratton, J., concur in the foregoing opinion.